## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| NATALIE MEDLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 1:10-cv-1250-JMS-MJD |
| | ) | |
| JULIE STOUT, Superintendent, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Discussing Petition for Writ of Habeas
### Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Natalie Medley ("Medley") for a writ of habeas corpus must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### The Petition for Writ of Habeas Corpus

"We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). As the pleadings and the expanded record show, Medley has missed the deadline for seeking the relief to which she claims to be entitled. Furthermore, Medley has failed to present evidence of extraordinary circumstances beyond her control entitling her to equitable tolling of that filing deadline.

### I. AEDPA

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of

limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

Under ' 2244(d)(1) of the AEDPA, the statute of limitations for ' 2254 petitions is one year. *See* 28 U.S.C. ' 2244(d)(1)(A)-(D). Pursuant to 28 U.S.C. ' 2244(d)(2), the running of this one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court. *See Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002).

## II. Background

The Indiana Court of Appeals affirmed Medley's sentence and convictions for felony murder, conspiracy to commit robbery, possession of cocaine and possession of marijuana in *Medley v. State,* No. 49A02-0210-CR-870 (Ind.Ct.App. July 8, 2003). Ninety days later, on October 6, 2003, when Medley's time to seek certiorari expired, her conviction became final. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). The statute of limitations ran for 213 days before Medley filed a pro se petition for post-conviction relief on May 6, 2004. Medley was granted relief, the State prevailed on post-conviction appeal and Medley's petition for transfer was denied by the Indiana Supreme Court on January 14, 2010.

The parties agree that Medley's convictions were final on October 6, 2003. Medley asserts that the statute of limitations should be equitably tolled because her post-conviction counsel erroneously advised her that she had one year from January 14, 2010, in which to file her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The fact that this advice was erroneous is indisputable. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007)(the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under § 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

## III. Discussion

The doctrine of equitable tolling excuses untimely filing when a petitioner could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to file his claim on time. Under the AEDPA=s equitable tolling provision for habeas cases, the running of the one year statute of limitations may be postponed to Athe [earliest] date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.@ 28 U.S.C. ' 2244(d)(1)(D); *see Taliani v. Chrans*, 189 F. 3d 597 (7th Cir. 1999).

In *Maples v. Thomas*, 132 S. Ct. 912 (2012), the Supreme Court held that post-conviction counsels' abandonment excused Maples' procedural default. Specifically, Alabama counsel asserted that his only involvement would be to serve as local counsel as a formality and Maples' other two attorneys departed their New York law firm in the summer of 2002 without seeking the Alabama trial court's leave to withdraw. *Id.* at 916. In May 2003, the trial court denied Maples' petition for post-conviction relief and the clerk mailed copies of the order to local counsel and Maples' other two attorneys at their former New York law firm, which were then returned unopened to the Alabama clerk of court. No timely notice of appeal was filed on Maples' behalf. The Supreme Court explained:

> [A]n attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis for tolling a statutory time limit.

*Id.,* at 923 (citing *Holland v. Florida*, 130 S. Ct. 2549, 2567 (2010)(Alito, J., concurring in part and concurring in judgment). The Supreme Court then observed:

> Through no fault of his own, Maples lacked the assistance of any authorized attorney during the 42 days Alabama allows for noticing an appeal from a trial court's denial of postconviction relief. As just observed, he had no reason to suspect that, in reality, he had been reduced to *pro se* status. Maples was disarmed by extraordinary circumstances quite beyond his control. He has shown ample cause, we hold, to excuse the procedural default into which he was trapped when counsel of record abandoned him without a word of warning.

*Maples*, 132 S. Ct. at 927.

In *Modrowski v. Mote,* 322 F.3d 965 (7th Cir. 2003), the petitioner=s attorney claimed that a series of physical and mental maladies prevented him from completing the petition and filing it on time. The district court rejected this argument and dismissed Modrowski=s petition as untimely. In affirming the district court=s dismissal of the § 2254 petition as untimely, the Seventh Circuit held that, Aattorney incapacity is equivalent to attorney negligence for equitable tolling purposes.@ *Modrowski* further explained that:

> Nonetheless, we hold the prisoner responsible for his attorney=s bungling. Likewise, a prisoner cannot prevent his attorney from becoming incapacitated, and there is no reason, however unfortunate the result, not to hold the prisoner responsible in this type of situation, as well.

*Modrowski*, 322 F.3d at 968.

Medley is not entitled to equitable tolling for the untimely filing of her habeas petition. Unlike a petitioner who is abandoned by her attorneys, as in *Maples*, Medley explains: "I had concerns about the time I had to file a Petition for Habeas Corpus," that "I wrote [my attorney] regarding my concerns in February or March of 2010 and in July 2010," that she asked her aunt to check with Medley's attorney regarding the deadline, and that she also tried to research the filing deadline on her own. Here, Medley was concerned that her filing deadline would pass because her attorney was incorrect in his understanding of the statutory deadline, but she does not demonstrate that her attorney abandoned her. On the contrary, "[a]ttorney negligence, including a miscalculation of a filing deadline, is not a sufficient basis for applying equitable tolling of the § 2244(d)(1) limitation period." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010).

There was no external impediment that prevented Medley from timely filing her habeas petition. Medley was familiar with her claims and was aware before the expiration of the filing deadline that her attorney may have misunderstood the filing deadline. Accordingly, equitable tolling is not applicable to the untimely filing of Medley's petition for a writ of habeas corpus.

## IV. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1722 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Medley has encountered the hurdle produced by the one-year statute of limitations. She has not shown the existence of circumstances permitting her to overcome this hurdle, and hence she is not entitled to the relief she seeks. Therefore, Medley's petition for a writ of habeas corpus is **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing ' 2254 Proceedings*, and 28 U.S.C. ' 2253(c), the court finds that Medley has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 05/03/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Joseph Martin Cleary**
jcleary498@aol.com

**James Blaine Martin**
james.martin@atg.in.gov